UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN WEAVER, Individually and on behalf of himself and all others similarly situated,

    Plaintiffs,

vs.

THE INDIGO ROOM, INC., a Florida for profit corporation, and RAIMOND AULEN, an individual d/b/a THE 86 ROOM

    Defendants.        /

JURY DEMAND

CASE NO.: 2:19-CV-185-UA-MRM

CLASS ACTION ALLEGATIONS

## **PLAINTIFF'S FIRST AMENDED CLASS/COLLECTIVE ACTION COMPLAINT[1]**

### I.    SUMMARY

1. Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees. *See, Billingsley v. Citi Trends, Inc.*, 13-12561, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

2. Likewise, the citizens of Florida passed Article X, Section 24, because "[a]ll working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair low-wage competition, and that does not force them to rely on taxpayer-funded public services in order to avoid economic hardship." *See* Article X, Section 24(a).

3. This case concerns bartenders and wait staff at the Ft. Myers, Florida establishments, The Indigo Room and The 86 Room. Both bars are owned and operated by

---

[1] Plaintiff Weaver files this his First Amended Class/Collective Action Complaint pursuant to this Court's Order directing Mr. Weaver to file an amended complaint on or before July 30, 2019. [D.E. 19].

Raimond Aulen, and along with Mr. Aulen, are collectively referred to herein as the "Defendants".

4. Defendants have a longstanding policy of failing to pay a direct wage to their bartender and wait staff employees, instead opting to either pay only the tips earned or to appropriate the tips and use them to pay the bartenders without a valid tip pool agreement.

5. Defendants required and/or permitted Plaintiff Brian Weaver ("Weaver") to work as a bartender/waiter in excess of forty (40) hours per week, but refused to compensate him, and others similarly situated, at the applicable minimum wage and overtime rate. In fact, Defendants refused to compensate Plaintiff at all for the hours that he worked. Plaintiff's only compensation was in the form of tips from the bar patrons.

6. Defendants' conduct violates the FLSA, which requires non-exempt employees, such as Plaintiff, to be compensated for his overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

7. Furthermore, Defendants' practice of failing to pay tipped employees a direct wage pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision as does Defendants' practice of siphoning away those tips to distribute to non-tip eligible employees. *See* 29 U.S.C. §§ 203, 206.

8. Likewise, Defendants are not entitled to take a tip credit with respect to their bartenders and wait staff because they do not put the bartenders and wait staff on adequate notice of their intent to utilize the tip credit.

9. Plaintiff brings a collective action to recover the unpaid wages owed to him and all other similarly situated employees, current and former, of Defendants who worked at The Indigo Room and/or the 86 Room in Naples, Florida at any time during the three year period before the Original Complaint was filed up to the present ("Class Members"). These Class Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

10. Likewise, Defendants' practice of failing to a pay direct wage to tipped employees of at least the minimum wage each hour/week is in violation of Article X, Section 24 of the Florida Constitution.

11. Thus, Plaintiff further complains on behalf of himself, and a class of other similarly situated current and former bartender and wait staff employees of the Defendants,

pursuant to Federal Rule of Civil Procedure 23, that they are entitled to back wages from Defendants for hours/weeks of work for which they did not receive at least the Florida minimum wage, in violation of Article X, Section 24 of the Florida Constitution ("Florida Minimum Wage Claims").

## II.   SUBJECT MATTER JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

13. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

14. This Court has jurisdiction over the Florida Minimum Wage Claims pursuant to 28 U.S.C. §1367, because the acts and omissions that give rise to Plaintiff's FLSA claims are the same acts and omissions that give rise to Plaintiff's Florida Minimum Wage Claims.

15. Venue is proper in the Middle District of Florida because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

16. At all times relevant hereto, Plaintiff Brian Weaver was an individual residing in Lee County, Florida. Plaintiff's written consent to this action was previously filed as Exhibit B to the original complaint. *See D.E. 1-1.*

17. The Members of the FLSA Collective Action are all of Defendants' current and former bartenders and wait staff who worked at The Indigo Room and The 86 Room at any time during the three (3) years prior to the filing of the original Complaint up to the present, who elect to file a consent to join in this action.

18. The Florida Minimum Wage Claim Class Members are all of Defendants' current and former bartenders and wait staff who worked at The Indigo Room and The 86 Room at any time during the five (5) years prior to the filing of this Complaint until the present and continuing.

19. Defendant The Indigo Room, Inc. is a domestic for profit corporation doing business in Florida for the purpose of accumulating monetary profit. This Defendant has accepted service of process.

20. The Defendant, The 86 Room is a fictitious name registered to Raimond Aulen, with its principal place of business listed as 2220 Main St., Ft. Myers, FL 33905. The 86 Room

3

is advertised as a speakeasy, and on information and belief, operates out of the premises located at 2220 Main St., Ft. Myers, FL 33905.  This Defendant has accepted service of process.

21. Defendant Raimond Aulen, is an individual residing in Florida.  Said Defendant may be served with process at 2219 Main St. Ft. Myers, FL 33901.  This Court has personal jurisdiction over this Defendant because he is a resident of Florida.  This Defendant has accepted service of process.

### III.   FLSA COVERAGE

22. In an FLSA case, the following elements must be met.  "(1) [plaintiff] is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay [plaintiff] minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) *cert. denied,* 134 S. Ct. 62, (U.S. 2013).

### EMPLOYMENT RELATIONSHIP

23. "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *Id.* at 942 (citing 29 U.S.C. § 203(g)). "To determine if an individual is an employee, 'we look at the economic reality of all the circumstances' surrounding the activity." *Id*. (citing *Brouwer,* 139 F.3d at 819). "We refer to this test as the 'economic reality' test." *Id*. (citing *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir.1997)).  "The touchstone of the economic reality test is the alleged employee's economic dependence on the employer."  *Id*.

24. Here, Defendants had the power to hire and fire Plaintiff.

25. Defendants controlled Plaintiff's work schedule.

26. Defendants scheduled Plaintiff and other bartenders and wait staff to certain shifts.

27. Defendants required Plaintiff and other bartenders and wait staff to work a certain number of days during the week.

28. Defendants required Plaintiff and other bartenders and wait staff to wear certain clothing.

29. Defendants determined the rate and the method of payment of all bartenders and wait staff including Plaintiffs.

30. Bartenders and wait staff are an integral part of Defendants' bars and restaurants.

4

31. Plaintiff and all other bartenders and wait staffs' job duties consisted of taking patrons orders, preparing libations, delivering drinks and food to patrons, tabulating patrons checks, and receiving payment. These job duties require little to no skill.

32. Defendants maintained some records regarding the time Plaintiff and all other bartenders and wait staff arrived and left the club, but failed to maintain full and accurate time records in contravention of the FLSA's recordkeeping requirement.

33. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

34. Moreover, the Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

35. The statutory definition of "employer" includes corporate officers, participating shareholders, supervisors, managers, or other employees where that individual exercises some supervisory authority over employees and is responsible in whole or in part for the alleged violation. *See id*.; *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971-72 (5th Cir. 1984).

36. Defendant Raimond Aulen is the President of The Indigo Room, Inc.

37. Defendant Raimond Aulen is the owner of the name The 86 Room, and through corporate intermediaries, the premises where the The 86 Room and The Indigo Room are located.

38. Defendant Raimond Aulen is involved in the day-to-day business operation of The Indigo Room and The 86 Room.

39. Defendant Raimond Aulen has responsibility for the supervision of the bartenders and wait staff at The Indigo Room and The 86 Room.

40. Defendant Raimond Aulen is responsible for the compensation or lack thereof paid to bartenders and wait staff at the Indigo Room and The 86 Room.

41. Defendant Raimond Aulen has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

42. Additionally, Defendant Raimond Aulen was responsible for the day-to-day affairs of the bars. In particular, he was responsible for determining whether The Indigo Room and The 86 Room complied with the Fair Labor Standards Act.

43. Defendant Raimond Aulen controlled the nature, pay structure, and employment relationship of the Plaintiffs and the Class Members.

44. As such, Defendant Raimond Aulen is the employer of the Plaintiffs and Class Members within the meaning of 3(d) of the FLSA, and is jointly, severally, and liable for all damages.

45. On information and belief, Defendants acted in all respects material to this action as the agent of the other, carried out a joint scheme, business plan or policy in material respects hereto, and the acts of each Defendant is legally attributable to each other.

46. The unlawful acts alleged in this Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' business or affairs and with the authorization of the Defendants.

47. Defendants also jointly employed Plaintiffs and all other similarly situated bartenders and wait staff.

48. At all times material to this action Defendants directly or indirectly, controlled and directed all aspects of the day to day employment of Plaintiffs and all others similarly situated bartenders and wait staff including: (i) timekeeping; (ii) payroll; (iii) disciplinary actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; (vii) human resources; (viii) hiring and firing; (vii) working conditions; and (viii) manner and method of such bartender's and wait staff's performance of their duties.

**ENTERPRISE AND INDIVIDUAL COVERAGE**

49. "The Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207(a) (1), requires an employer to pay overtime compensation to an hourly worker if the employee can establish individual coverage or enterprise coverage." *Silver v. Dr. Neal Krouse, D.O., P.A.*, 06-60634-CIV, 2007 WL 4098879 *2 (S.D. Fla. Nov. 16, 2007) (citing *Thorne v. All Restoration Svcs., Inc.,* 448 F.3d 1264, 1265 (11th Cir.2006)). "To qualify for enterprise coverage, Defendants must 'ha[ve] employees engaged in commerce or in the production of goods for commerce, or [ ] ha[ve] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and is an enterprise whose annual gross

volume of sales made or business done is not less than $500,000.'" *Id*. (citing 29 U.S.C. § 203(s)(1)(A)(i) and (ii)). "The phase 'engaged in commerce' is interpreted broadly and liberally." *Id*. (citing *Alonso v. Garcia*, 147 Fed. Appx. 815, 816 (11th Cir. 2005)).

50. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

51. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

52. Specifically, Defendants' employees have sold goods—such as alcoholic beverages and a variety of foods—that have been moved or produced in interstate commerce to Defendants' patrons.

53. Additionally, Defendants' employees, including Plaintiffs, have handled materials that have been moved or produced in interstate commerce, which were used in the course of Defendants' business operations.

54. Defendants advertise on the internet and process credit cards from out of state patrons.

55. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of $500,000.00 per annum.

56. At all material times, Plaintiff, Brian Weaver was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## WAGE VIOLATIONS

57. At certain times material hereto, Defendants failed to pay Plaintiff, and others similarly situated, a direct wage. By failing to pay a direct wage to Plaintiff, and others similarly situated, Defendants failed to compensate their bartenders and wait staff at the federally and state mandated minimum wage rate for all weeks worked, in violation of 29 U.S.C. § 206 and the Florida Constitution.

58. Defendants failure to compensate Plaintiffs, and others similarly situated, at a rate of one and one half (1.5) times their regular hourly wage for all hours worked in excess of forty (40) hours per week is a violation of 29 U.S.C. § 207(a)(1).

59. At certain times material hereto, Defendants suffered and permitted Plaintiff, and other similarly situated bartenders and wait staff, to work but failed to pay them for all hours that were worked.

60. Defendants utilized a tip credit that did not comply with the FLSA.

61. Defendants siphoned Plaintiffs' and all other Class Members' tips by requiring them to share their tips with other employees who are not eligible to participate in a tip pool.

62. Defendants failed to maintain accurate time and pay records.

## IV.  FACTS

63. Plaintiff and Class Members have all been victimized by Defendants' common policy and plan to violate their rights under the FLSA and Article X, Section 24 of the Florida Constitution and by denying them minimum wage, proper overtime, and the tips they lawfully earned.

64. Defendants operate two bars/restaurants in Ft. Myers Florida under the names The Indigo Room and The 86 Room.

65. Defendants employ bartenders and wait staff at The Indigo Room and The 86 Room.

66. Plaintiff Brian Weaver is a former bartender and waiter at the Indigo Room and The 86 Room in Ft. Myers, FL.

67. Plaintiffs worked on a regular basis for Defendants' bars/restaurants.

68. From approximately June 2016 until May 2018, Plaintiff Brian Weaver bartended at the Indigo Room and the 86 Room in Ft. Myers, Florida.

69. Therefore, Plaintiff has first-hand personal knowledge of the pay violations at The Indigo Room and The 86 Room.

70. From approximately May 2016 through and including December 2016, Brian Weaver was compensated exclusively through tips received from Defendants' customers. During this period, Mr. Weaver was not paid a direct wage by Defendants.

71. From approximately May 2016 through and including December 2016, Brian Weaver worked approximately 60 hours per work week. During this period of time, Mr. Weaver did not receive a direct wage for any hours worked up to 40 hours in a workweek, and did not receive overtime compensation for any hours worked over 40 in a given workweek.

72. From approximately January 2017 through May 2017, Mr. Weaver worked approximately 60 hours per workweek. Mr. Weaver received a pay check for 22 hours at the

8

minimum wage rate, and on information and belief this amount was paid from the credit card tips that were collected. Mr. Weaver did not receive a direct wage for any hours between 22 hours and 40 hours in each workweek, and did not receive overtime compensation for any hours worked over 40 in a given workweek.

73. From approximately May 2017 through December 2017, Mr. Weaver worked approximately 46 hours per workweek. Mr. Weaver received a pay check for 22 hours at the minimum wage rate, and on information and belief this amount was paid from the credit card tips that were collected. Mr. Weaver did not receive a direct wage for any hours between 22 hours and 40 hours in each workweek, and did not receive overtime compensation for any hours worked over 40 in a given workweek.

74. From approximately January 2018 through May 2018, Mr. Weaver worked approximately 36 hours per workweek. Mr. Weaver received a pay check for 22 hours at the minimum wage rate, and on information and belief this amount was paid from the credit card tips that were collected. Mr. Weaver did not receive a direct wage for any hours between 22 hours and 40 hours in each workweek.

75. Defendant required Mr. Weaver, and others similarly situated, to turn over his tips.

76. Defendants improperly kept Mr. Weaver's tips.

77. Defendants also required Plaintiffs to share their tips with employees who do not customarily and regularly receive tips.

78. Plaintiffs, and others similarly situated, are not exempt from the overtime and minimum wage requirements under the FLSA or Article X, Section 24 of the Florida Constitution.

79. Although Plaintiffs, and others similarly situated, are required to and do in fact frequently work more than forty (40) hours per workweek, they are not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek. In fact, they receive no compensation whatsoever from Defendants and thus, Defendants violate the minimum wage requirement of the FLSA and Article X, Section 24 of the Florida Constitution. *See* 29 U.S.C. § 206.

80. Defendants' method of paying Plaintiffs in violation of the FLSA and Article X, Section 24 of the Florida Constitution was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA or Article X, Section 24 of the Florida Constitution.

81. Defendants improper use of the tip credit was with the intent to avoid paying Plaintiffs in accordance to the FLSA and Article X, Section 24 of the Florida Constitution.

82. Defendants have been in the restaurant and bar industry for years and are familiar with the long line of federal cases holding that a employees should be paid a direct wage in addition to their tips as required by the FLSA.

83. Further, at all material times, Defendants have operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914–15 (9th Cir. 2003).

84. All Defendants have a common business purpose of operating a for profit restaurant and bar.

85. The individually named Defendant, Mr. Aulen, keeps employment records for The Indigo Room and the 86 Room.

86. The individually named Defendant, Mr. Aulen, has ultimate authority regarding hiring and firing employees at The Indigo Room and the 86 Room.

87. The individually named Defendant, Mr. Aulen, owns and operates the Indigo Room and the 86 Room.

88. The individually named Defendant, Mr. Aulen, created and implemented the companywide policies of failing to pay any direct wage and improperly taking a 100% tip credit to pay any direct wage that was paid.

89. The individually named Defendant, Mr. Aulen, created and implemented the company wide policies of suffering and permitting employees to work hours for which they were never compensated.

### V.   COUNT ONE: VIOLATION OF 29 U.S.C. § 207

90. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

91. Defendants' practice of failing to pay Plaintiff and Class Members time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

92. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiff.

## VI.     COUNT TWO: VIOLATION OF 29 U.S.C. § 206

93.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

94.     Defendants' practice of failing to pay Plaintiff and Class Members at the required minimum wage rate violates the FLSA.  29 U.S.C. § 206.  In fact, Defendants do not compensate bartenders and wait staff whatsoever for any hours worked.

95.     None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants or Plaintiffs.

96.     Defendants failed to keep adequate records of Plaintiff's and Class Members' work hours and pay in violation of section 211(c) of the FLSA.  *See* 29 U.S.C. § 211(c).

97.     Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

   a) The time of day and day of week on which the employees' work week begins;
   b) The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;
   c) An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;
   d) The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";
   e) The hours worked each workday and total hours worked each workweek;
   f) The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;
   g) The total premium for overtime hours.  This amount excludes the straight-time earnings for overtime hours recorded under this section;
   h) The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;
   i) The dates, amounts, and nature of the items which make up the total additions and deductions;
   j) The total wages paid each pay period; and

      k)      The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

98. Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiffs and Class Members. Because Defendants' records are inaccurate and/or inadequate, Plaintiffs and Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.*¸ 328 U.S. 680, 687 (1946).

## VII. COUNT THREE: VIOLATION OF ARTICLE X, SECTION 24 OF THE FLORIDA CONSTITUTION

99. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

100. Plaintiff and those similarly situated employees are/were entitled to be paid at least the Florida minimum wage for each hour/week worked during employment with Defendants.

101. Specifically, Plaintiff and those similarly situated employees were not paid the proper minimum wage, as required by Article X, Section 24 of the Florida Constitution.

102. Defendants willfully failed to pay Plaintiffs and those similarly situated employees, minimum wages for one or more weeks during Plaintiffs' employment contrary to Article X, Section 24 of the Florida Constitution.

103. Although such prerequisites are unconstitutional, Plaintiffs have complied with all statutory prerequisites to bringing their claims pursuant to Article X, Section 24 of the Florida Constitution.

104. Specifically, on September 5, 2018, Plaintiff served Defendants with a Notice pursuant to Fla. Stats. § 448.110. See D.E. 1-3.

105. More than 15 days have elapsed since Plaintiff's service of his Notice on Defendants, and Defendants have failed to make payment to Plaintiff.

106. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff, and those similarly situated employees, have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

107. Plaintiff is entitled to an award of damages in an amount equal to the relevant Florida Minimum Wage, and an equal amount as liquidated damages.

108. Plaintiff is entitled to an award of reasonable attorneys' fees and costs, pursuant to Article X, Section 24 of the Florida Constitution.

## VIII.   COLLECTIVE ACTION ALLEGATIONS

109. As part of their regular business practices, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

110. Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty. Defendants have also denied them full compensation at the federally mandated minimum wage rate.

111. Class Members perform or have performed the same or similar work as Plaintiff. In particular, Plaintiff and Class Members all worked as bartenders and wait staff under the same conditions and subject to the same violations of the FLSA.

112. Many Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

113. Class Members are not exempt from receiving overtime pay and/or minimum wage at the federally mandated minimum wage rate under the FLSA.

114. As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime and minimum wage.

115. Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

116. The experiences of Plaintiff, with respect to his pay, is typical of the experiences of Class Members.

117. The experiences of Plaintiff, with respect to his job duties, is typical of the experiences of Class Members.

118. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

119. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

120. All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

121. Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a formula.  The claims of all Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

122. The Plaintiff and the Class Members held the same job title: Bartender and/or Waiter/Waitress.

123. The individually named Defendants instituted, permitted, and/or required the policy and practice of taking a 100% tip credit and or failing to pay any direct wage.

124. The individually named Defendants instituted, permitted, and/or required the policy and practice of requiring all bartenders and/or wait staff to relinquish their tips despite not receiving a direct wage. .

125. As such, the class of similarly situated Plaintiff is properly defined as follows:

**The FLSA Collective Members are all of Defendants' current and former bartenders and wait staff who worked at The Indigo Room or The 86 Room at any time during the three years before this Complaint was filed up to the present**.

### IX.  FLORIDA CLASS ACTION ALLEGATIONS

126. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

127. Plaintiff brings his Florida Minimum Wage Claims on behalf of all persons who were employed by Defendants at any time since March 17, 2014, to the entry of judgment in this case (the "Florida Class Period"), who were bartender and/or wait staff employees and who have not been paid at least the applicable Florida Minimum Wage for hours/weeks worked, as required, in violation of Article X, Section 24 of the Florida Constitution (the "Florida Class").

128. The persons in the Florida Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are between 50 and 100 members of the Class during the Class Period.

129. The claims of Plaintiff are typical of the claims of the Florida Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

130. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

131. Specifically, Defendants failed to pay minimum wages as mandated by Article X, Section 24 of the Florida Constitution.

132. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of minimum wages to Plaintiff applied and continues to apply to all class members. Accordingly, the "Florida Class Members" are properly defined as:

> **All of Defendants' current and former bartenders and/or wait staff who worked at The Indigo Room or The 86 Room at any time during the five (5) years before this Complaint was filed up to the present.**

133. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

134. Plaintiff has the same interests in this matter as all other members of the Florida class and Plaintiff's claims are typical of the Florida Class.

135. There are questions of law and fact common to the Florida Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a. whether the Defendants employed the members of the Florida Class within the meaning of Article X, Section 24 of the Florida Constitution;

   b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Florida Class;

   c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

   d. whether Defendants failed and/or refused to pay the members of the Florida Class at least the Florida Minimum Wage in one of more workweeks;

   e. whether the Defendants are liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and

   f. whether the Defendants should be enjoined from such violations of Article X Section 24 of the Florida Constitution in the future.

## **DAMAGES SOUGHT**

136. Plaintiff and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

137. Additionally, Plaintiffs and Class Members are entitled to recover their unpaid overtime compensation.

138. Plaintiff and Class Members are also entitled to all of the misappropriated funds, including all tips that were taken. Without repayment of such tips, Plaintiff and Class Members will not have been paid minimum wage and overtime in accordance with the FLSA.

139. Plaintiff and Class members are also entitled to an amount equal to all of their unpaid wages and fees as liquidated damages. 29 U.S.C. § 216(b); Article X, Section 24 of the Florida Constitution.

140. Plaintiff and FLSA Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b); Article X, Section 24 of the Florida Constitution.

## X.   **JURY DEMAND**

141. Plaintiff and Class Members hereby demand trial by jury.

## **PRAYER**

For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b) Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

c) Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

d) Overtime compensation for all hours worked over forty in a workweek at

16

the applicable time-and-a-half rate;

e) All unpaid wages at the FLSA mandated minimum wage rate;

f) All unpaid wage at the Florida mandated minimum wage rate;

g) All misappropriated tips;

h) An equal amount of all owed wages and misappropriated funds and tips as liquidated damages as allowed under the FLSA;

i) An equal amount of all owed wages and misappropriated funds and tips as liquidated damages as allowed under Article X, Section 24 of the Florida Constitution;

j) Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

k) Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

Respectfully submitted,

*/s/ Paul M. Botros*
Paul M. Botros
FL Bar No. 63365
**MORGAN & MORGAN, P.A.**
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel: (954) 318-0268
Fax: (954) 327-3017
pbotros@forthepeople.com

*Attorney for Plaintiff & Class Members*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of July, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and that a copy was also emailed to counsel for Defendant, Scott Atwood, Esq., scott.atwood@henlaw.com

*/s/ Paul M. Botros*
Paul M. Botros